[Johnson's Administrator *v.* Canal Commissioners.]

to amend. A judgment will be entered, to be vacated if the costs are paid in sixty days—in which case the plaintiff has leave to amend, and the cause will go to the rules for issue.

---

### JOHNSON'S ADMINISTRATOR *v.* KELLY, ET AL. CANAL COMMISSIONERS.

Canal commissioners—mandamus—action on the case—public officer.

Where a public officer is directed by resolution of the legislature, to pay an award for damages, which he neglects or refuses to pay until the next meeting of the legislature, the payment, if legal, must be enforced by a writ of mandamus.

An action upon the case will not lie against a public officer, unless he has acted wrong wilfully and oppressively.

THE plaintiff declared in case, that the general assembly of Ohio, by resolution, directed the defendants, as canal commissioners, to cause to be paid to the plaintiff $5000, the amount of an award in his favor, by Bates, engineer, for damages sustained by him on a contract touching section No. 1, on the Ohio canal—and averred that he had called on the defendants for the money and that they wrongfully refused to pay. Plea not guilty.

The cause was submitted to the court upon an agreed case: from which it appeared that the general assembly, at the close of a session had passed a resolution directing the canal commissioners to pay $5000, damages, &c; that a copy of the resolution was presented to the board and the money demanded. The board declined paying until the next session of the general assembly. At the next session of the general assembly, a call was made upon the canal commissioners for information, which was communicated, and the resolution rescinded.

*Willey,* for the plaintiff, contended that the first resolution conferred a right, which no subsequent legislature could interfere with, as it would impair the obligation of a contract or private right. The resolution has the effect of a law directing the application of a particular fund; it is not the usual case of an appropriation of money in the treasury. The liability of the defendants consists in their wrongful refusal to pay.

*Kelly,* contra, was stopped

BY THE COURT. The defendants are public officers. If it be true that their refusal deprived the plaintiff of a right to the money, they

45

[Deborah McDwire v. John McDwire.]

should be compelled to pay by mandamus. They cannot be made liable in an action on the case, unless they have acted wilfully and oppressively. There is no evidence upon that point.

Nonsuit ordered.